## WM. CONGDON v. S. J. BRYAN.

**No. 521.\***    (58 Pac. 1029.)

PRACTICE, DISTRICT COURT—*Proceedings after Reversal.* Permission to file amended pleadings in the district court, after a case has been reversed and remanded by the supreme court, is largely within the discretion of the trial court, and the exercise of such discretion will not be reviewed unless it clearly appears to have been abused.

Error from Harvey district court; F. L. MARTIN, judge. Opinion filed November 20, 1899. Affirmed.

*Bowman & Bucher*, for plaintiff in error.

*A. L. Greene*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : The plaintiff in error commenced an action in the district court of Harvey county, against the defendant in error to recover $1167.50. Plaintiff in error also filed an affidavit charging the defendant in error with having fraudulently created the liability, and caused an order of arrest to issue. The defendant in error was arrested and committed to jail; the case was tried in the district court, appealed to the supreme court (*Bryan v. Congdon*, 54 Kan. 109, 37 Pac. 1009 ; *In re Bryan, Petitioner*, 54 Kan. 118, 37 Pac. 1012), where the affidavit was held "insufficient to warrant the arrest."

After the decision of the supreme court, the plaintiff, in the district court, asked leave to amend his original affidavit for the order of arrest, which was by the court denied. This was not error. Permis-

---

\* Petition for order to certify denied by supreme court January 6, 1900.— REP.

Insurance Co. v. Coverdale.

sion to file amended pleadings in the district court, after a case has been reversed and remanded by the supreme court, is largely within the discretion of the trial court, and the exercise of such discretion will not be reviewed unless it clearly appears to have been abused.

From a review of the record and the decision of the supreme court above cited, which is referred to by plaintiff in error and made a part of his statement, we are satisfied that the ruling of the court should not be disturbed.

The judgment of the district court is affirmed.